RONALD ADY, PLLC (USB 3694)
8 E. Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

FILED IN DROP BOX
FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 24 2010

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JASON BOYD,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC. and Defendant Does I through V.<br><br>    Defendants. | **COMPLAINT**<br><br>Case: 2:10cv00848<br>Assigned To : Stewart, Ted<br>Assign. Date : 8/25/2010<br>Description: Boyd v. First National |

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Utah Consumer Sales Practices Act (UCSPA), Utah Code Ann. § 13-11-4.

2.  The Court has jurisdiction pursuant to 15 U.S.C. § 1692k; 28 U.S.C. § 1331, § 1367.

3.  Plaintiff is a natural person who resides in the State of Utah.

4.  Plaintiff is a consumer within the FDCPA.

5.  Plaintiff is a consumer within the UCSPA.

6.  Defendant First National Collection Bureau, Inc. (First National) is a debt

collector within the FDCPA.

7. Within the UCSPA the Defendant First National is a supplier enforcing a consumer transaction against the Plaintiff.

8. Defendant First National is a Nevada corporation, with a head office at 610 Waltham Way McCarran, NV 89434, registered in Utah as a foreign corporation which has designated as its registered agent: LexisNexis Document Solutions Inc., 2180 South 1300 East, Suite 650, Salt Lake City UT 84106.

9. Defendant First National's business consists of collecting on defaulted consumer debt for third parties, or buying defaulted consumer debt and then collecting on its, and so is a debt collector within the FDCPA.

10. Defendant Does I through V are persons employed by the defendant First National who oversaw and had control of the collection of the alleged debt from the Plaintiff and, in particular, who directed that the defendant First National collect the amount stated in the August 25, 2009 demand letter from the Plaintiff, and who oversee the defendant First National's debt collection practices and, in particular, direct that the defendant First National collect overstated amounts from consumers.

11. Within the UCSPA each of the Defendant Does I through V is a supplier enforcing a consumer transaction against the Plaintiff.

12. On August 25, 2009 the defendant First National sent to the Plaintiff a collection letter demanding payment of $14,685.22 from the Plaintiff for a debt alleged to have been incurred with Fleet Bank.

13. By a letter dated September 3, 2009 the Plaintiff requested verification of the alleged debt and the defendant First Financial responded with some fifty nine pages of

documents tendered in support of its claim that the Plaintiff owed the alleged debt.

14. However, the documents sent by the defendant First National Bank disclosed that the claim was for a default judgment taken in favor of First Select, Inc. on May 13, 2002 in Third District Court, State of Utah in the amount of $5,521.23 with post-judgment interest accruing at 4.28% per year.

15. As of the date of the defendant's August 25, 2009 demand letter the total amount owing on that default judgment was $7,493.88 which was $7,151.34 less than was alleged to be owing by the defendant First National.

16. Further, the default judgment was in favor of First Select, Inc. but the defendant First National made demand for payment on a debt which had allegedly accrued with Fleet Bank. In the copy of the debt collection complaint tendered to the Plaintiff by the defendant First National in verifying the alleged debt to the Plaintiff, that complaint is brought in the name of First Select, Inc. and makes no mention of Fleet Bank, and the default judgment was entered in the name of First Select, Inc

17. By making demand for payment on the alleged debt in an amount that was almost twice the amount owing on the alleged debt, and by alleging that the Plaintiff was obligated on an account other than an account which accrued with Fleet Bank, the defendant First National violated the FDCPA and the UCSPA.

18. The defendant First National wilfully, knowingly and intentionally demanded payment on the alleged debt knowing it was grossly overstating the amount due on the alleged debt. On information and belief, the defendant First National has a pattern and practice of making demand for payment on debts in an amount which substantially overstates the amount due on an alleged debt. The defendant First National and the defendants Doe conduct in engaging in this

practice manifests a knowing and reckless indifference toward, and a disregard of, the rights of consumers provided to them pursuant to the provisions of the FDCPA and the UCSPA.

19. Plaintiff claims the right to a jury trial under the 7th Amendment of the United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

### FIRST COUNT

20. Plaintiff incorporates paragraphs 1 through 19 above.

21. In its collection efforts against the Plaintiff, the defendant First National and each of the defendant Does I through V violated the FDCPA, *inter alia*, § 1692e (false or misleading representations), § 1692e(2) (character, amount, or legal status of the debt), § 1692e(2) (the threat to take any action that cannot be legally taken), § 1692f (unfair practices), § 1692f(1)(the collection of any amount unless such amount is expressly authorized by the agreement or permitted by law).

22. For those violations of the FDCPA, Plaintiff is entitled the greater of statutory damages of $1,000.00 from each of the Defendants, or his actual damages.

### SECOND COUNT

23. Plaintiff incorporates paragraphs 1 through 22 above.

24. Within two years prior to the date of this action the defendant First National and each of the Defendant Does I through V engaged in acts and practices in relation to Plaintiff which were in violation of the Utah Consumer Sales Practices Act, § 13-11-4 by :

    i. indicating that First National had approval or the necessary affiliation to collect on a debt originating with Fleet Bank, that First National did not have (Utah Code Ann. 13-11-4(i));

    ii. indicating that First National had a right to collect $14,645.22 on a debt

practice manifests a knowing and reckless indifference toward, and a disregard of, the rights of consumers provided to them pursuant to the provisions of the FDCPA and the UCSPA.

19. Plaintiff claims the right to a jury trial under the 7th Amendment of the United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

### FIRST COUNT

20. Plaintiff incorporates paragraphs 1 through 19 above.

21. In its collection efforts against the Plaintiff, the defendant First National and each of the defendant Does I through V violated the FDCPA, *inter alia*, § 1692e (false or misleading representations), § 1692e(2) (character, amount, or legal status of the debt), § 1692e(2) (the threat to take any action that cannot be legally taken), § 1692f (unfair practices), § 1692f(1)(the collection of any amount unless such amount is expressly authorized by the agreement or permitted by law).

22. For those violations of the FDCPA, Plaintiff is entitled the greater of statutory damages of $1,000.00 from each of the Defendants, or his actual damages.

### SECOND COUNT

23. Plaintiff incorporates paragraphs 1 through 22 above.

24. Within two years prior to the date of this action the defendant First National and each of the Defendant Does I through V engaged in acts and practices in relation to Plaintiff which were in violation of the Utah Consumer Sales Practices Act, § 13-11-4 by :

    i. indicating that First National had approval or the necessary affiliation to collect on a debt originating with Fleet Bank, that First National did not have (Utah Code Ann. 13-11-4(i));

    ii. indicating that First National had a right to collect $14,645.22 on a debt

originating with Fleet Bank and that the Plaintiff was obligated to pay First National on that alleged debt, when he had no such obligation (Utah Code Ann. 13-11-4(j)(i)); and

iii. charging the Plaintiff for a consumer transaction to which the Plaintiff had not previously agreed (Utah Code Ann. 13-11-4(r)).

25. For each of those violations of the UCSPA, Plaintiff is entitled the greater of statutory damages of $2,000.00 from each of the Defendants, or Plantiff'sl actual damages.

### THIRD COUNT

26. Plaintiff incorporates paragraphs 1 through 25 above.

27. The Defendant First National's knowing, intentional and wilful collection of grossly overstated amounts on the alleged debt, which is part of a pattern and practice by the Defendant First National in overstating the amounts it is entitled to collect from consumers, entitles the Plaintiff to punitive damages from the Defendant First National Bank and each of the Defendants Doe in the amount stated in the prayer for relief.

**WHEREFORE** Plaintiff respectfully requests this Court to award Plaintiff such damages as are permitted by law, statutory, compensatory and punitive, including:

A. Plaintiff's actual damages resulting from the defendants' violation of the FDCPA.

B. $1,000 statutory damages from each of the defendants for each of their FDCPA violations.

C. $2,000.00 statutory damages for the defendant First National's violation of the UCSPA by falsely representing that it was collecting on a debt originating with Fleet Bank.

D. $2,000.00 statutory damages from each of the Defendants Does I through V for each of their violation of the UCSPA by causing First National to falsely represent that it was collecting on a debt originating with Fleet Bank.

E. $2,000.00 statutory damages for the defendant First National's violation of the UCSPA by collecting on an amount grossly in excess of the amount of the alleged debt.

F. $2,000.00 statutory damages from each of the Defendant Does I through V for each of their violation of the UCSPA by causing First National to collect on an amount grossly in excess of the amount of the alleged debt.

G. Punitive damages from each of the Defendants in an amount sufficient to punish Defendants, and each of them, and deter them and others from engaging in similar wrongful conduct in the future.

H. Plaintiff's costs of suit and reasonable attorney fees provided for by the FDCPA and UCSPA.

G. An order granting declaratory, injunctive, and such other and further relief as law or equity may provide.

DATED this 23rd day of August, 2010.

_____
RONALD ADY
Attorney for Plaintiff Jason Boyd