IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JASON BOYD, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST NATIONAL COLLECTION BUREAU, INC., and Does 1 through V, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE OF PROCESS <br><br><br> Case No. 2:10-CV-848 TS |

Plaintiff moves under Fed.R.Civ. P. 4(m), moves for an order extending the time within which Plaintiff may serve the complaint filed in this action to an additional ten (10) days from the date of an order extending time. Plaintiff's counsel represents that this is only one of several cases in two courts in which he acts as counsel for Plaintiff. He represents that he "conflated" service of the complaint in this case with service in a related case and, therefore, mistakenly thought it had been timely made. He argues that extending the time would not prejudice defendants but would prejudice his client because the statute of limitation has now run.

1

Fed.R.Civ.P. 4 (m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1] . . .

Here, the Complaint was filed on August 24, 2010 and the 120 days expired on December 22, 2010. Plaintiff moved for an extension on February 7, 2010. According to Plaintiff's counsel, the Fair Debt Collection Act claim's statute of limitation expired on August 28, 2010. However, he has another claim, under the Utah Consumer Sales Practices Act that could go forward. According to the Complaint, the claims arise from the same facts.

Plaintiff concedes that he does not meet the good cause standard for relief under Rule 4(m). However, he contends that under Tenth Circuit case law in *Espinoza v. United States*,[2] a permissive extension of the time limited under Rule 4(m) extension may be granted if the applicable statute of limitations bars re-filing of the action.

Plaintiff misstates the ruling in *Espinoz* by declaring that in the case the court "*ruled that extension may be granted if the applicable statute of limitations bars re-filing of the action.*"[3] In actuality *Espinoza* ruled as follows: "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be

---

[1] Fed.R.Civ.P. 4(m).

[2] 52 F.3d 838 (10th Cir.1995).

[3] Docket No. 3 (emphasis added).

2

warranted."[4] Indeed, whether the applicable statute of limitations would bar a re-filed action is merely suggested in dicta as a factor to be considered by district courts in determining if a permissive extension of time should be granted.[5] However, *Espinoza* also noted that the current Rule 4(m) broadened the courts' discretion to allow permissive expansion even where good cause is not shown.[6]

Although it is a close call in this case, the Court finds that a permissive extension should be granted. Plaintiff moved for an extension a little over a month after the time had run due to his counsel's error in confusing two apparently similar cases. There does not appear to be any prejudice to Defendant because the claim under the Utah Consumer Sales Practices Act claim could be refiled. It is therefore

ORDERED that Plaintiff's Motion to Extend Time for Service of Process (Docket No. 2) is GRANTED and the time is extended to 14 days following entry of this order.

DATED   June 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4]*Espinoza*, 52 F.3d at 841.

[5]*Id*. at 842; *see also* Fed.R.Civ.P. 4(m) advisory committee notes (suggesting additional factors such as if the defendant is evading service or conceals a defect in attempted service).

[6]*Id*. at 840-41.